Link W. Schrader (SBN 256015)
Law Office of Link W. Schrader
P.O. Box 46368
Los Angeles, CA 90046
Telephone (310) 413-6924
Facsimile (310) 878-4158
Email: lschrader@schrader-law.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – San Fernando Valley Division

| | |
|---|---|
| In re:<br><br>MICHAEL R. KLOCK<br><br>Debtor. | Chapter 13<br>Case No. : 1:11-bk-13877-MT<br><br>**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR; AND DECLARATION OF LINK W. SCHRADER RE: SUBSTITUTION OF ATTORNEY** |

I, LINK W. SCHRADER, do hereby certify and declare as follows:

1. I am the attorney of record for the Debtor in the above-captioned case. This statement is provided pursuant to 11 U.S.C. §329(a) and Bankruptcy Rule 2016(b).

2. The Attorney who originally filed the Debtor's case was Gary Harre of Global Capital Law, PC. A Substitution of Attorney form was filed on June 2, 2011.

3. On March 7, 2011 the Debtor came to see me regarding the filing of the Debtor's case. At that time I was unavailable due to prior commitment and the Debtor needed to move quickly to stop a foreclosure. The Debtor paid me $200.00 for a one hour consultation.

4. The Debtor then retained Mr. Harre and a petition for relief under Chapter 13 was filed on March 30, 2011. The Debtor's Chapter 13 case has not gone well.

5. On April 13, 2011 the Debtor filed a Notice of Conversion From Chapter 13 to Chapter 7.

1 The case, however, was never converted.

2     6. The Debtor's contact with Mr. Harre prepetition was minimal and his attempts to contact Mr. Harre postpetition were mostly unsuccessful. The Debtor became worried about the progress in his case when he received the Objection to Confirmation filed by Creditor Bank of America on May 5, 2011.

    7. The Debtor contacted me and I agreed to substitute in as his attorney in this case. My normal fee for a Chapter 7 is $1,500.00 and $4,500.00 for a business Chapter 13 case. Because it was not, and still is not, clear what legal services will be required, I agreed to represent the Debtor for an additional payment of $1,300.00 which was received on May 14, 2011. The Debtor understands and agrees that if representation will be in a Chapter 13, then a Rights and Responsibilities Agreement ("RARA") will be filed and additional fees will be paid through the Chapter 13 plan.

    8. The Debtor further understands and agrees that my hourly rate of $200.00 will be charged for contested matters and adversary proceedings. If such fees accrue in a Chapter 13 case, any amount received from the Debtor will be deposited into trust and I will receive no fees without prior application and allowance of those fees by the Court. Alternately, if the Debtor is not able to provide funds to deposit in trust, a request will be made for any additional fees to be paid through the Debtor's Chapter 13 plan. If such fees accrue in a Chapter 7 case, I will make further disclosure within ten (10) days of the receipt of such fees.

    9. While the Substitution of Attorney form was sent by email to Mr. Harre on May 15, 2011 along with a detailed email addressing the Debtor's concerns and reason for changing attorney, the form was not signed by Mr. Harre until the Debtor's Meeting of Creditors held on June 1, 2011.

    10. While Mr. Harre did not respond to the email sent, he did contact the Debtor the next morning, May 16, 2011, by email with a brief note and a copy of a draft objection to claim.

    11. I also had a short conversation with Mr. Harre by telephone on May 25, 2011, but we had a bad connection and were not able to discuss anything of consequence.

    12. At the Meeting of Creditors, Mr. Harre did sign the Substitution of Attorney form. It was

also agreed that I would send a letter to Mr. Harre at Global Capital Law, PC with the Debtor's request that a portion of the fee paid be refunded and that the Debtor's case file be provided to me so I could prepare whatever is needed in the Debtor's case. Mr. Harre was polite and friendly during our brief discussion. He made no firm commitments to refund any fees. However, the Debtor believes that the matter of prior fees paid to Mr. Harre and Global Capital Law, PC can be settled without the intervention of the Court or the U.S. Trustee. The Debtor admits that some value was received through the services of Mr. Harre in that the foreclosure which was set for his home had been stayed.

13. At the Meeting of Creditors, Chapter 13 Trustee Elizabeth Rojas ("Trustee") indicated that because the Debtor had not made postpetition mortgage payments or any plan payments she would move the Court to dismiss the Debtor's case without a bar to refiling. The Trustee provided a list of objections and items that were not provided by the Debtor. The Debtor has informed me that most of these items were provided to Mr. Harre.

14. As I have not yet seen the Debtor's casefile, I am not yet in a position to respond to the Trustee's objections. I requested at the Meeting of Creditors that the Trustee continue the hearing for thirty (30) days to allow me to review the case and prepare a response to her objections. The Trustee did not agree to such extension.

15. Prior to the filing of this statement, I have received fees from the Debtor totaling $1,500.00 within the last twelve (12) months. I have also received $100.00 for costs (i.e. financial management course), that has been deposited into my trust account. I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law practice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 2nd day of June, 2011, at Tustin, California.

_/s/ Link W. Schrader_
LINK W. SCHRADER, Attorney for Debtor

| In re:<br><br>**Klock, Michael R.**<br>Debtor(s). | CHAPTER **13**<br>BK CASE NUMBER: 1:11-bk-13877-MT |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Link W. Schrader, Law Office of Link W. Schrader, P.O. Box 46368, Los Angeles, CA 90046**

A true and correct copy of the foregoing document described **Disclosure of Compensation of Attorney For Debtor; and Declaration of Link W. Schrader Re: Substitution of Attorney** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **6/2/11** checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Jared D Bissell    ecfcacb@piteduncan.com
- Gary L Harre    ghcmecf@gmail.com
- Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
- Josephine E Salmon    ecfcacbrs@piteduncan.com
- Link W Schrader    lschrader@schrader-law.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Edward T Weber    bknotice@rcolegal.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **6/2/11** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Maureen Tighe, U.S. Bankruptcy Court, 21041 Burbank Boulevard, Suite 325, Woodland Hills, CA 91367-6603
Michael R. Klock, 20544 Cheney Dr., Topanga, CA 90290
Elizabeth Rojas, Chapter 13 Trustee, Noble Professional Center, 15060 Ventura Blvd., Suite 240, Sherman Oaks, CA 91403
Gary L. Harre, Global Capital Law PC, 8700 Warner Ave., Ste. 200, Fountain Valley, CA 92708

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/2/11 | Link W. Schrader | */s/ Link W. Schrader* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                              **F 9013-3.1**